IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**SAUL VEGA,**

          Plaintiff,

v.                                             **Civil Action No. 5:24-CV-30**
                                                            Judge Bailey

**WILLIAM BUCK,** State Trooper,
**BRIAN EDWIN COLLINS,** State Trooper,
**J.C. CHAMBERS,** W.V. Police, Employer
Of Beck and Collins, **MIKE DURRAH,**
Trooper, and **BRYAN GAUS**, Investigator**,**

          Defendants,

## REPORT AND RECOMMENDATION

### I. Background

On February 20, 2024, the plaintiff, a state inmate incarcerated at Huttonsville Correctional Center in Huttonsville, West Virginia, filed a *pro se* Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983. On March 26, 2024, plaintiff paid the initial partial filing fee. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. The Complaint

In his Complaint, plaintiff brings several claims arising out of an alleged assault. First, he alleges that defendant Trooper Beck violated his right to remain silent by assaulting plaintiff before informing him he was under arrest. [Doc. 1 at 7]. Second, he alleges defendant Beck assaulted him for no reason. [Id. at 8]. Third, he alleges

1

defendant Trooper Collins violated his constitutional rights by lying on his "use of force" report. [Id.]. Fourth, he alleges that defendant J.C. Chambers violated his rights when the State Police "blew off" plaintiff's claim of assault. [Id.] Fifth, plaintiff alleges defendant Beck violated his Miranda rights by assaulting him and having him sign a Miranda waiver while he was alone in a room. [Id.]. Finally, he alleges that defendant Gaus helped law enforcement violate plaintiff's Fourth Amendment rights by not reporting the assault on plaintiff. [Id. at 10]. For relief, plaintiff seeks to have criminal charges brought against defendants Beck and Collins, as well as four million dollars in punitive damages for deprivation of his civil rights and intentional infliction of emotional distress.

### III. Standard of Review

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' **Bell Atl. Corp. v. Twombly**, 550 U.S. 554, 570 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995). In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id*. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." **Williams v. Branker**, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." **Witthohn v. Fed. Ins. Co.**, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. Analysis

The undersigned finds that plaintiff's claims are barred by the statute of limitations. For purposes of determining the appropriate statute of limitations, claims filed pursuant to 42 U.S.C. § 1983 are analogous to "general personal injury actions." **Wilson v. Garcia**, 471 U.S. 261, 279 (1985). Thus, their timeliness is determined based upon the relevant state limitations period for personal injury actions. W.Va. Code § 55-2-12(b) provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) within two years next after the right to bring the same shall have accrued if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party dies, it could not have been brought at common law by or against his personal representative.

3

Accordingly, the applicable statute of limitations in this case is two years.

Here, plaintiff's claims relate to events on or around March 6, 2020[1]. Plaintiff alleges that Trooper Beck assaulted him, and in doing so violated his right to remain silent, on March 6, 2020. He alleges that on the same date, Trooper Collins lied on his "use of force" report. In Claim Four, he alleges that when he alerted J.C. Chambers to his claims, the police ignored his claims. Plaintiff further alleges that Trooper Beck's assault violated plaintiff's Miranda rights. Finally, plaintiff alleges defendant Gaus helped law enforcement violate his Fourth Amendment rights by failing to report an assault in his report on the night of July 19, 2019. Although the exact dates of Claim Four are unspecified, the remaining claims all arise out of an alleged assault occurring March 6, 2020. Plaintiff's Complaint is dated February 16, 2024, nearly four years after the alleged events. Thus, plaintiff's claims are barred by the statute of limitations.

The undersigned recognizes that the statute of limitations is an affirmative defense, which means that the defendant generally bears the burden of affirmatively pleading its existence. *See* Fed.R.Civ.P 8(c); ***Dean v. Pilgrim's Pride Corp.***, 395 F.3d 471, 474 (4th Cir. 2005)("the raising of the statute of limitations ...constitutes an affirmative defense."). Because the statute of limitations is a waivable defense, its restrictions are not jurisdictional in nature, and in an ordinary civil case, "the district court should [refrain] from raising and considering the statute of limitations defense *sua sponte*." ***Eriline Company S.A. v. James P. Johnson***, 440 F.3d 648, 657 (4th Cir. 2006). However, the Fourth

---

[1] The undersigned notes that from a review of plaintiff's attached exhibits, it appears that the incidents in question may have actually occurred on June 29, 2019. For purposes of determining the timeliness of the Complaint, however, the undersigned has assumed plaintiff's later alleged date of March 6, 2020.

Circuit has also recognized that the statute of limitations may be addressed *sua sponte* when such a defense appears on the face of either a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, See **Hill v. Braxton**, 277 F.3d 701, 706 (4th Cir. 2002), or a complaint filed *in forma pauperis* pursuant to 28 U.S.C. § 1915, See **Nasim v. Warden, Md. House of Corrections**, 64 F.3d 951, 953-54 (4th Cir. 1995).

Finally, the undersigned notes that plaintiff does not specify what dates he alleges defendant Chambers and the W.Va. State police "blew off" his claims of assault. Reviewing the attachments plaintiff includes with his Complaint, it appears he may be referring to a letter stating that a review of the facts surrounding an incident involving defendants Beck, Durrah, and two other troopers has been closed as exonerated. *See* [Doc. 1-5 at 7]. That letter is dated February 28, 2020, and thus plaintiff's claim would likewise be untimely. However, even if plaintiff is referring to some other incident which occurred or which he became aware of at a later date, the undersigned finds that this claim should be dismissed as frivolous. A government official is only liable for his own misconduct. **Ashcroft v. al-Kidd**, 563 U.S. 731, 735 (2011) (citations omitted); **Ashcroft v. Iqbal**, 556 U.S. 662, 676–77 (2009); **Trulock v. Freeh**, 275 F.3d 391, 402 (4th Cir. 2001) (citations omitted). In a civil rights case under § 1983, a plaintiff must make clear exactly who is alleged to have done what to whom, as distinguished from collective allegations against the government generally. **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 565 n. 10 (2007).

Because a government official is only liable for his own personal misconduct, a supervisory defendant is not vicariously liable for the misconduct of subordinate employees. **Iqbal**, 556 U.S. at 676–77 (2009); **Trulock**, 275 F.3d at 402. Vague

allegations that a supervisor was aware of subordinate misconduct are insufficient to independently support liability. See **Patel v. Moron**, 897 F.Supp.2d 389, 401 (E.D. N.C. 2012).

Here, defendant Chambers is named only as "employer of Beck and Collins" and plaintiff does not make any specific allegation against Chambers beyond stating that the State Police blew off his claim against the officers. Accordingly, the undersigned finds that this claim is frivolous.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that plaintiff's case be **DISMISSED WITH PREJUDICE** as barred by the statute of limitations.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); **Thomas v. Arn**, 474 U.S. 140 (1985); **Wright v. Collins**, 766 F.2d 841 (4th Cir. 1985); **United States v. Schronce**, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** April 3, 2024.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

7