IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**SAUL VEGA,**

        Plaintiff

v.                                              **CIVIL ACTION No. 5:24-CV-30**
                                                    Judge Bailey

**WILLIAM BECK,** State Trooper,
**BRIAN EDWIN COLLINS,** State Trooper,
**J.C. CHAMBERS,** W.V. State Police,
Employer of Beck and Collins,
**MIKE DURRAH,** Trooper, and
**BRYAN GAUS**, Investigator,

        Defendants.

## ORDER

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 14]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on April 3, 2024, wherein he recommends that plaintiff's case be dismissed with prejudice as barred by the statute of limitations. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND & STANDARD OF REVIEW

On February 20, 2024, plaintiff, a state inmate incarcerated at Huttonsville Correctional Center in Huttonsville, West Virginia, filed a *pro se* Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983.

In his Complaint, plaintiff brings several claims arising out of an alleged assault. *See* [Doc. 1]. First, he alleges that defendant Trooper Beck violated his right to remain silent by assaulting plaintiff before informing him he was under arrest. [Doc. 1 at 7]. Second, he alleges defendant Beck assaulted him for no reason. [Id. at 8]. Third, he alleges defendant Trooper Collins violated his constitutional rights by lying on his "use of force" report. [Id.]. Fourth, he alleges that defendant J.C. Chambers violated his rights when the State Police "blew off" plaintiff's claim of assault. [Id.] Fifth, plaintiff alleges defendant Beck violated his Miranda rights by assaulting him and having him sign a Miranda waiver while he was alone in a room. [Id.]. Finally, he alleges that defendant Gaus helped law enforcement violate plaintiff's Fourth Amendment rights by not reporting the assault on plaintiff. [Id. at 10]. For relief, plaintiff seeks to have criminal charges brought against defendants Beck and Collins, as well as four million dollars in punitive damages for deprivation of his civil rights and intentional infliction of emotional distress.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

2

150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff requested an extension of time to file response/reply to the Report and Recommendations [Doc. 18], which this Court granted. *See* [Doc. 19], Plaintiff's objections were due on or before May 6, 2024. Plaintiff timely filed his objection to Report and Recommendations [Doc. 20] on May 3, 2024. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

### A. Report and Recommendations

In the R&R, Magistrate Judge Mazzone found that plaintiff's claims are barred by the statute of limitations. See [Doc. 14 at 3–6]. In support, Magistrate Judge Mazzone stated that plaintiff's claims relate to events on or around March 6, 2020, and plaintiff did not file his Complaint until nearly four (4) years after the alleged events. See [id. at 3–4].

### B. Objections

Plaintiff argues that his claim does not "fall under the statute of limitations of W.Va. Code 55-2-12 (B) but [instead] falls under two other statute[s]." [Doc. 20 at 1]. Plaintiff argues the first is the "discovery rule." Plaintiff asserts he "didn't 'know' that he was able to file a suit on the defendant's until just recently" and a "**big part** of it was due to the pandemic of COVID-19." [Id.].

Plaintiff's second argument is that his claim does not full under W.Va. Code 55-2-12 (B) but under W.Va. Code 55-2-6 Contract. See [id. at 2–5]. Plaintiff then spends four (4) pages citing a myriad of contract cases, some of which involve leases. See ***Bruce McDonald Holding Co. v. Addington, Inc.***, 241 W.Va. 451, 825 S.E.2d 779 (2019) (Lessor of coal mine filed suits against lessee seeking declaratory judgment that under lease, lessee had duty to diligently mine coal and pay annual minimum royalties based on comparable sales by other coal companies, and damages for lessee's failure to do so.); ***Chesapeake Appalachia, L.L.C. v. Hickman***, 236 W.Va. 421, 781 S.E.2d 198 (2015) (Owner of one-quarter interest in property brought action against oil and gas lessees and geologist who represented owner in lease negotiations, seeking declaratory relief as to

which lease was controlling and seeking damages); *Cotiga Development Co. v. United Fuel Gas Co.*, 147 W.Va. 484, 128 S.E.2d 626 (1962) (Action of assumpsit brought by lessor for alleged breach of provisions in an oil and gas lease.); *Parsons v. Halliburton Energy Servs., Inc.*, 237 W.Va. 138, 785 S.E.2d 844 (Former employee filed a complaint, alleging that employer did not timely pay him his final wages as required by the West Virginia Wage Payment and Collection Act (WPCA), and employee sought to create a class action composed of other former employees who were not timely paid their final wages).

Plaintiff spends about two (2) pages citing directly from the undersigned's decision in *Glover v. EQT Corp.*, 2023 WL 5333798 (Aug. 1, 2023) (Bailey, J.). *See* [Doc. 20 at 2–4].

Plaintiff then argues that "this Miranda Contract is void due to the assault by Trooper Beck cause it was Trooper Beck who had me sign that contract to have me waive my right to remain silent with force and so the plaintiff sign[ed] a contract against his will." [Id. at 4]. Plaintiff, relying on *Glover*, argues that "circumstances not constituting elements of the contract as such although connected with and dependent upon it and b[o]rn of that wide range of legal duty which is due from every man to his fellow, to respect his rights of property and person and refrain from invading them by force or fraud." [Id. at 4–5]. Plaintiff asserts he was forced, based on the assault and fear of being assaulted again if the contract was not signed, to sign the contract of his Miranda rights. [Id. at 5].

Ultimately, plaintiff argues that the statute of limitations is under the five-year statute of limitations in contract law and not the two-year statute of limitations relied on by Magistrate Judge Mazzone.

## C.   Analysis

This Court does not agree with the objections raised by plaintiff. For purposes of determining the appropriate statute of limitations, claims filed pursuant to 42 U.S.C. § 1983 are analogous to "general personal injury actions." **Wilson v. Garcia**, 471 U.S. 261, 279 (1985). Thus, their timeliness is determined based upon the relevant state limitations period for personal injury actions. W.Va. Code § 55-2-12(b) provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) within two years next after the right to bring the same shall have accrued if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party dies, it could not have been brought at common law by or against his personal representative.

Thus, the applicable statute of limitations is two (2) years. As stated above, plaintiff's claims relate to events on or around March 6, 2020. Plaintiff's Complaint is dated February 16, 2024, nearly four (4) years after the alleged events. Thus, plaintiff's claims are barred by the statute of limitations.

Plaintiff's argument that his claims fall under the five-year contract statute of limitations are unavailing. Plaintiff's claims all stem from the allegations that defendants

violated his rights. Nothing in plaintiff's Complaint alleges a breach of contract or anything remotely close to a contract claim. Thus, plaintiff's objections are overruled.

## CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation **[Doc. 14]** is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Plaintiff's response/objections **[Doc. 20]** are **OVERRULED**. Plaintiff's Complaint **[Doc. 1]** is **DISMISSED WITH PREJUDICE** as barred by the statute of limitations.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: May 6, 2024.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**